

FILED
JANUARY 22, 2009
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEVE GREEN, PRO SE, | § | |
| A.K.A. STEVE O'NEAL GREEN, | § | |
| TDCJ-CID No. 1436873, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:08-CV-0153 |
| | § | |
| Q. EVANS, Sgt., NFN HUTTON, Captain, and | § | |
| NFN ADAMS, Senior Warden, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff STEVE GREEN, also known as STEVE O'NEAL GREEN, acting pro se, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff sues defendant EVANS for "assault causing serious injury and unreported use of force/retaliation[1]." Plaintiff states EVANS utilizes racial slurs, calls Muslims terrorists and "retaliated after medical records exposed his actions of [plaintiff's] injury." He sues defendant HUTTON because she "knew [he] was deprived and did not respond reasonably[2]." Plaintiff sues defendant ADAMS, as warden, he is responsible for the operation and management of the unit, "was put on notice of unreported excessive use of force and did not act reasonably[3]."

Plaintiff's sole request for relief is one for declaratory judgment.

---

[1] See page 3 of plaintiff's January 13, 2009 amended complaint.

[2] Ibid.

[3] Ibid.

On January 6, 2009, the Court issued an order granting, in part, plaintiff's October 30, 2008 motion to amend and listing the defects present in plaintiff's original and proposed amended complaint. Plaintiff was instructed to submit his proposed Amended Complaint on the complaint form available to him at the unit law library and to state thereon his entire claim against each defendant and all facts to support his claim(s). Plaintiff was expressly instructed that, if he claims a use of excessive force, he must identify who utilized excessive force, state what led up to the use of force, and clearly state the act(s) which constituted the excessive force. Plaintiff was instructed to provide all relevant facts for any additional claims and told that his amended complaint would supersede and replace all previous complaints in this cause as if they had never been filed.

Plaintiff responded by filing an amended complaint which is, for all practical intents and purposes, a duplicate of his original complaint.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[4], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.

---

[4]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[5].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Federal Rules of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim" providing the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. FED.R.CIV.P.8. "[T]he district court must insist that a plaintiff suing a public official under section 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone." *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (*en banc*).

Although he was given a second opportunity and expressly instructed to do so, plaintiff has not provided factually specific allegations stating what act(s) by defendant EVANS constituted the alleged excessive use of force and what circumstances led up to the incident. He has not even stated what injury or injuries he sustained. At the bottom of page 5 of his amended complaint plaintiff adds the following interlineation: "As to this day Plaintiff states it is unknow [sic] what led up to the use of force when their [sic] was never a report made at the origenal [sic] unreported excessive force Captain Hutton was silent also concerning this matter."

---

[5]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The Court takes judicial notice of the fact that plaintiff was present at the alleged use of force and knows full well the events constituting the alleged use of force. Further, plaintiff knows at least what circumstances he witnessed which led up to the use of force, as well as the injury or injuries he claims to have sustained.

By his Amended Complaint, plaintiff has refused or failed to provide "a short and plain statement of the claim" providing the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. By his conclusory allegations, plaintiff has failed to state a claim of excessive force in compliance with Federal Rule of Civil Procedure 8.

As to his claim of retaliation, plaintiff does not state what defendant EVANS did on April 28, 2008 that plaintiff feels constituted retaliation. Again, the Court notes plaintiff was instructed "to provide all relevant facts" for his claims, but has failed to do so. By the conclusory allegations in plaintiff's Amended Complaint, plaintiff has failed or refused to provide a statement of his retaliation claim which provides the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. FED.R.CIV.P.8.

Plaintiff's claim against defendant HUTTON seems to be that, having found him in a holding cell, she took photographs of his injury or injuries but did not otherwise "respond reasonably." At most, this allegation hints at a claim of negligence, not the violation of a constitutional right. Importantly, again, plaintiff has refused or failed to provide the facts on which his claim against this defendant is based. Plaintiff does not indicate in what specific way HUTTON's response was not reasonable or how her failure violated his constitutional rights, if it did so. Plaintiff's conclusory allegation does not provide defendant HUTTON fair notice of what plaintiff's claim is and the grounds upon which it rests. FED.R.CIV.P.8.

As to defendant ADAMS, plaintiff states that, as a senior warden at the unit, he is responsible for the operation and management of the unit, "was put on notice of unreported excessive use of force and did not act reasonably . . .." Again, at most, plaintiff raises the possibility of a claim of negligence against defendant ADAMS, not one of constitutional dimension. Further, plaintiff does not indicate in what way ADAMS' response was not reasonable. Plaintiff's conclusory allegation does not provide defendant ADAMS fair notice of what plaintiff's claim is and the grounds upon which it rests. FED.R.CIV.P.8.

The Court notes defendant ADAMS is identified as a senior warden of the unit. A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact showing personal involvement or showing any causal connection between ADAMS' acts or omissions and any constitutional violation. To the extent plaintiff's claim against defendant ADAMS is based on his supervisory position, plaintiff has failed to state a claim on which relief can be granted.

Plaintiff's refusal to provide the Court with specific facts concerning his claims and his decision to confine himself to conclusory allegations leaves the defendants without notice of the claims being asserted and the grounds on which such claims rest.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff STEVE

GREEN, also known as STEVE O'NEAL GREEN, is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 22nd day of January, 2009.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE